Steven James Goodhue (#029288)
Law Offices of Steven James Goodhue
9375 East Shea Blvd., Suite 100
Scottsdale, AZ 82560
Telephone: (480) 214-9500
Facsimile: (480) 214-9501
E-Mail: sjg@sjgoodlaw.com

*Attorney for Plaintiff*
*AF Holdings, L.L.C.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AF HOLDINGS, L.L.C., a St. Kitts and Nevis limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>WALTER SZAREK,<br><br>Defendant. | **CASE NO.: 2:12-CV-2134-PHX-NVW**<br><br><br>**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT WALTER SZAREK** |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AGAINST DEFENDANT WALTER SZAREK**

Pursuant to the Federal Rule of Civil Procedure 55, Plaintiff hereby requests that the Court enter a judgment by default against Defendant Walter Szarek. Defendant was served with the summons and complaint on October 30, 2012. Defendant failed to respond to Plaintiff's allegations within the time specified by Federal Rule of Civil Procedure 12(a). Therefore, because Plaintiff has shown sufficient facts to establish Defendant's liability and a clerk's default has already been entered, the Court should enter default judgment against Defendant. Based on the actions of Defendant that led to the infringement by thousands of other individuals of Plaintiff's copyrighted work, the Court should enter judgment for at least $150,000 in statutory damages plus $5,345.00 in attorney's fees and costs to Plaintiff.

**I.     RELEVANT HISTORY**

Plaintiff is the owner of the copyrighted motion picture "Sexual Obsession". (ECF No. 1 ¶ 3.) Plaintiff initially filed this action on October 9, 2012 against Defendant for

copyright infringement and related claims of contributory infringement, civil conspiracy, and negligence for illegally downloading and distributing Plaintiff's copyrighted work through the BitTorrent protocol. (ECF No. 1.)

A summons was issued to Defendant on October 9, 2012, informing him of this lawsuit and explaining that if he failed to respond with an answer or motion within 21 days, judgment by default will be entered against him. (ECF No. 5); (*see also* Declaration of Steven James Goodhue [hereinafter "Goodhue Decl."] ¶ 3, attached hereto as Exhibit A). Plaintiff further served Defendant with the summons and complaint through personal service on October 30, 2012. (ECF No. 12-1); (*see also* Goodhue Decl. ¶ 3.)

After 21 days Defendant had not responded, either through an answer or a motion, to Plaintiff's complaint. Plaintiff filed a request for the Clerk of Court to enter default against Defendant on the ground that he failed to appear or otherwise respond to Plaintiff's complaint within the time prescribed by FRCP Rule 12(a). (ECF No. 12.) The Clerk of Court entered default against Defendant on December 13, 2012. (ECF No. 13.) Because Defendant still has not responded, either through an answer or a motion, to Plaintiff's complaint, Plaintiff submits this motion for default judgment against him.

**II.    ARGUMENT**

This section consists of four parts. Part A sets forth the standard for default judgment. Part B argues that Plaintiff has established Defendant's liability. Part C argues that Plaintiff is entitled to collect statutory damages as a result of damage caused by Defendant's actions. Part D argues that Plaintiff is entitled to collect attorneys' fees as a result of Defendant's actions.

**A.  Standards for Default Judgment.**

Federal Rule of Civil Procedure 55(a) provides that the clerk of the court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Once a party has been defaulted, a court may enter a default judgment. Fed. R. Civ. P. 55(b). If the facts in the complaint are sufficient to establish liability, then the

court must conduct an inquiry to ascertain the amount of damages. *TeleVideo Systems, Inc. v. Heidenthal,* 826 F. 2d 915, 917-18 (9th Cir.1987); *Pope v. United States*, 323 U.S. 1 (1944). Damages may be awarded if the record adequately reflects the basis for the award via a hearing or a demonstration of detailed affidavits establishing the necessary facts. *Geddes v. United Fin. Group*, 559 F.2d 557 (9th Cir. 1977); *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979); *Eisler v. Stritzler*, 535 F.2d 148 (1st Cir. 1976); *Magette v. The Daily Post*, 535 F.2d 856 (3d Cir. 1976); *Flaks v. Koegel*, 504 F.2d 702 (2d Cir. 1974). This process is limited by Rule 54, which states that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

### B. Plaintiff has Established Defendant's Liability

Plaintiff has established that Defendant is liable for its claims of copyright infringement and contributory infringement. Plaintiff addresses each claim in greater detail below.

#### 1. Plaintiff has established Defendant's liability for copyright infringement.

Plaintiff's pleadings establish Defendant's liability for copyright infringement. "To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Plaintiff has met both of these elements. In regards to the first element, in its complaint, Plaintiff alleged that "Plaintiff is the copyright owner of the Video." (ECF No. 1 ¶ 26.) Plaintiff further alleged that "The Video is currently registered in the United State Copyright Office . . . ." (*Id.* ¶ 19.) The registration number for the Plaintiff's Video is PA0001725120. (*Id.*)

Further, in judicial proceedings, a "certificate of registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c) (1977). Plaintiff's registration of its copyright meets this requirement and establishes prima facie evidence of a valid copyright. (ECF No. 1-1). Once Plaintiff produced the certificate of

copyright, the burden shifted to Defendant to demonstrate why the claim of copyright is invalid. *Bibbero Sys., Inc. v. Colwell Sys., Inc.,* 893 F.2d 1104, 1106 (9th Cir.1990). Because Defendant failed to answer Plaintiff's complaint or otherwise response, he failed to rebut this presumption.

In regards to the second element, Plaintiff alleged that "Defendant, using IP address 98.167.164.72, without Plaintiff's authorization or license, intentionally downloaded a torrent file particular to Plaintiff's Video, purposefully loaded that torrent file into his BitTorrent client, entered a BitTorrent swarm particular to Plaintiff's Video, and reproduced and distributed the Video to numerous third parties." (ECF No. 1 ¶ 22.) Plaintiff further alleged the specific date and time at which Plaintiff observed the infringement. (*Id.* ¶ 23) (identifying the Defendant's time of infringement as May 6, 2011, 15:08:55 (UTC)). Finally, Plaintiff alleged that "Defendant's conduct infringed upon Plaintiff's exclusive rights of reproduction of the Video that are protected under the Copyright Act." (*Id.* ¶ 33.) Once a court has determined that a defendant is in default, the Court must accept these well-pleaded allegations as true. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. United States*, 323 U.S. 1, 12 (1944)). Based on Plaintiff's allegations, both elements for copyright infringement have been established. Plaintiff, therefore, has established Defendant's liability for copyright infringement.

### 2. Plaintiff has established Defendant's liability for contributory infringement.

Plaintiff's pleadings establish Defendant's liability for contributory infringement of Plaintiff's copyrighted work. To establish Defendant's liability for contributory infringement, Plaintiff must meet two elements: (1) that Defendant knew, or had reason to know, of the direct infringement, and (2) that Defendant materially contributed to the infringing activity. *A & M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1019-1022 (9th Cir. 2001) ("Traditionally, 'one who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another, may be held liable as a

'contributory' infringer.'") (quoting *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971)). Plaintiff's allegations establish both of these elements.

"Contributory liability requires that the secondary infringer 'know or have reason to know' of direct infringement." *A & M Records*, 239 F.3d at 1020 (citing *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 845, 846 n 29 (11th Cir. 1990)). Plaintiff's pleadings meet this requirement. Plaintiff alleged that "Defendant knew of the infringement, was conscious of his own infringement, and Defendant was fully conscious that his actions resulted in multiple other persons derivatively downloading the file containing Plaintiff's Video." (ECF No. 1 ¶ 50.) Therefore, Plaintiff has established that Defendant had knowledge of the infringing activities.

Contributory liability requires that the secondary infringer "materially contributes to the infringing activity." *A & M Records*, 239 F.3d at 1022. Plaintiff alleged that "The infringement by the other BitTorrent users could not have occurred without Defendant's participation in uploading Plaintiff's copyrighted works. As such, Defendant's participation in the infringing activities of others is substantial and contributed, for profit, to the infringing activity of thousands of other peers over the Internet across the world." (*Id.* ¶ 51.) Therefore, Plaintiff has established that Defendant had knowledge of the infringing activities and materially contributed to the infringement conduct of others. Plaintiff has established Defendant's liability for contributory infringement. *Geddes*, 559 F.2d at 560.

### 3. Plaintiff has established Defendant's liability for Civil Conspiracy.

A civil conspiracy is "a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage." *Gilbrook v. City of Westminster*, 177 F. 3d 839, 856 (9th Cir. 1999). To prove a civil conspiracy, the plaintiff must show that the conspiring parties "reached a unity of purpose or a common design and understanding, or a meeting of the minds in an unlawful arrangement." *Vieux v. East Bay Reg'l Park Dist.*, 906 F. 2d 1330, 1343 (9th Cir. 1990). A defendant's knowledge of and participation in a conspiracy may be

inferred from circumstantial evidence and from evidence of the defendant's actions. *Gilbrook*, 177 F. 3d at 856-57 (citing *United States v. Calabrese,* 825 F.2d 1342, 1348 (9th Cir. 1987).

Plaintiff's pleadings establish Defendant's liability for civil conspiracy. Plaintiff alleged that "In using the peer-to-peer BitTorrent file distribution method, Defendant engaged in a concerted action with other unnamed individuals to reproduce and distribute Plaintiff's Video by exchanging pieces of the Video file in the torrent swarm." (ECF No. 1 ¶ 54.) Plaintiff further alleged that "Defendant and his co-conspirators downloaded a torrent file, opened it using a BitTorrent client, and then entered a torrent swarm comprised of other individuals distributing and reproducing Plaintiff's Video. In participating in said conspiratorial network, Defendant agreed with others to engage in a concerted tortious action in the network to reproduce and distribute Plaintiff's Video." (*Id.* ¶ 55.) Plaintiff has established Defendant's liability for civil conspiracy by showing that Defendant and his co-conspirators participated in a concerted action with a single plan with the same objective—to obtain a full unlawful copy of Plaintiff's Video—the essential nature and general scope of which was known to each of the participants including the Defendant.

**C. Plaintiff is Entitled to Recover Statutory Damages as a Result of Defendant's Actions**

Because Plaintiff's well-pled complaint establishes Defendant's liability, Plaintiff must now set forth the damages caused by his actions. *TeleVideo Systems, Inc.,* 826 F. 2d at 917-18; *see also Pope*, 323 U.S. at 12. The Copyright Act permits copyright owners to obtain statutory damages for the infringement of their copyrighted work. 17 U.S.C. § 504. This is applicable to both claims of copyright infringement and contributory infringement. *See Dwyer Instruments Inc. v. Sensocon Inc.*, Case No. 3:09-cv-10-TLS (N.D. Ind. June 5, 2012). The copyright holder may seek "a sum of not more than $150,000" if the "infringement was committed willfully." 17 U.S.C. § 504 (c)(2). Plaintiff sought statutory damages in its complaint. (ECF No. 1 at 13) ("Judgment in favor of the Plaintiff against

Defendant for actual damages or statutory damages pursuant to 17 U.S.C. § 504, at the election of Plaintiff, in an amount to be ascertained at trial.")

A court can reduce the statutory award if the "infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright." 17 U.S.C. § 504 (c)(2). Further, a court should remit the statutory damages where the:

> infringer believed and had reasonable grounds for believing that his or her use of the copyrighted work was a fair use under section 107, if the infringer was: (i) an employee or agent of a nonprofit educational institution, library, or archives acting within the scope of his or her employment who, or such institution, library, or archives itself, which infringed by reproducing the work in copies or phonorecords; or (ii) a public broadcasting entity which or a person who, as a regular part of the nonprofit activities of a public broadcasting entity (as defined in section 118(f)) infringed by performing a published nondramatic literary work or by reproducing a transmission program embodying a performance of such a work.

*Id.* In the instant case, the infringement has been committed willfully as Defendant was aware or should have been aware of the infringement. (ECF No. 1 ¶ 32) ("Defendant's conduct was willful within the meaning of the Copyright Act: intentional, and with indifference to the Plaintiff's rights."); (*id.* ¶ 20) ("The torrent file used to access the copyrighted material was named in a manner that would have provided an ordinary individual with notice that the Video was protected by the copyright laws of the United States."); (*id.* ¶ 50) ("Defendant knew of the infringement, was conscious of his own infringement, and Defendant was fully conscious that his actions resulted in multiple other persons derivatively downloading the file containing Plaintiff's Video.") Further, due to the nature of Plaintiff's copyrighted work, Defendant was not acting within the scope of his employment at a nonprofit organization or part of the activities of a nonprofit organization. Therefore, the Court should neither reduce nor remit the statutory damages of $150,000.

///

///

### D. Plaintiff is Entitled to Recover Attorneys' Fees and Costs as a Result of Defendant's Actions

The Copyright Act permits the court to recover "full costs" and "a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Awarding attorneys' fees addresses the goals of the Copyright Act, one of them being to discourage infringement, because it enables rights holders to vindicate or defend their rights. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 526-27 (1994). Plaintiff sought attorneys' fees and costs in its complaint. (ECF No. 1 at 13) ("Judgment in favor of Plaintiff against the Defendant awarding the Plaintiff attorneys' fees, litigation expenses (including fees and costs of expert witnesses), and other costs of this action."). When awarding attorneys' fees under the Copyright Act, the Court must initially decide whether awarding attorneys' fees are appropriate, considering such things as the motivation, objective reasonableness, and the need in particular circumstances to advance considerations of compensation and deterrence. *Fogerty*, 510 U.S. at 535.

Here, Defendant's actions demonstrate a blatant disregard for Plaintiff's rights by, *inter alia*, failing to respond to numerous notices of his actions. Additionally, Plaintiff has expended considerable amounts of time and money to create its copyrighted motion picture, and now, to protect it. Plaintiff has been severely and negatively impacted by the activities of Defendant and individuals he helped to reproduce and distribute Plaintiff's work free of charge. Therefore, awarding Plaintiff attorneys' fees and costs is appropriate under the Copyright Act.

As a result of Plaintiff's prosecution of this case against Defendant, Plaintiff has incurred attorney's fees and costs for which it requests their inclusion in the default judgment. (*See* Goodhue Decl. ¶¶ 5-6.) Specifically, Plaintiff requests $4,950.00 in attorney's fees and $395.00 in costs; for a total of $5,345.00. (*Id.*) Therefore, the Court should award Plaintiff cost and fees in the amount of $5,345.00.

### III.     CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court enter judgment against Defendant for damages in the amount of $155,345.00. As Plaintiff has demonstrated, Defendant infringed on Plaintiff's copyrighted work and contributed to the infringement of Plaintiff's copyrighted motion picture by numerous individuals.

DATED: January 8, 2013

                                               Law Offices of Steven James Goodhue

By:   /s/ Steven James Goodhue
         Steven James Goodhue (#029288)
         9375 East Shea Blvd., Suite 100
         Scottsdale, AZ 82560
         *Attorney for Plaintiff*
         *AF Holdings, L.L.C.*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 8, 2013 a true and correct copy of the foregoing was sent via First-Class, postage prepaid to:

Walter Szarek
2338 W. Jake Haven
Phoenix, AZ

                                                /s/ Steven James Goodhue
                                                Steven James Goodhue